*In re* CUMMINS' ESTATE.

APPEAL OF ST. PIERRE.

1. Wills—Trial of Contest by Jury—Evidence—Issues of Fact —Judgment.

In will contest tried before jury, if evidence presents issues of fact for jury within grounds of contest, court is in error in entering judgment *non obstante veredicto*.

2. Same—Mental Competency—Evidence—Question for Jury.

Issues of mental competency of 76-year old testatrix to comprehend nature and extent of her property, to recall natural objects of her bounty and make desired disposition thereof *held*, for jury in will contest, where testimony tended to show senility in that she was unable to recognize relatives and neighbors, wandered away from home and was unable to carry on a conversation at times.

3. SAME—MENTAL COMPETENCY—EVIDENCE.
    Inability of testatrix to read, write, or figure, or tell denominations of paper currency *held,* to have little, if any, bearing on issue of mental capacity to make a will.

4. SAME—GUARDIANSHIP—MENTAL COMPETENCY—EVIDENCE.
    Fact that testatrix was under guardianship as to her estate, apparently to forestall mercenary intentions of her suitor, did not prevent her from making will or constitute probative evidence of her mental incompetency.

5. SAME—APPEAL BY CONTESTANT FROM JUDGMENT NON OBSTANTE VEREDICTO—WEIGHT OF EVIDENCE.
    In will contest tried by jury, where verdict was for contestant, judgment rendered for proponent notwithstanding verdict and appeal taken by contestant only, the Supreme Court cannot pass on weight of evidence nor hold verdict contrary to the weight thereof.

6. APPEAL AND ERROR—WILL CONTEST—NEW TRIAL.
    Upon reversal of judgment for proponent notwithstanding verdict for contestant, because evidence presented issue for jury, trial court may grant new trial *sua sponte* or upon motion under leave granted.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 10, 1935. (Docket No. 53, Calendar No. 38,134.) Decided April 8, 1935.

The last will and testament of Tillie Cummins, deceased, was presented for probate by Lottie Raymond and another. Irene St. Pierre and another objected thereto. Contest certified to circuit court. Judgment *non obstante veredicto* for proponents. Contestants appeal. Reversed and, unless new trial ordered by circuit court, judgment ordered entered on verdict.

*Charles E. Duffy (Arthur C. O'Connor,* of counsel), for plaintiffs.

*Harvey B. M. Wilds,* for defendants.

WIEST, J.   July 15, 1931, Tillie Cummins, a widow, 76 years of age, made a will, and died May 3, 1933, survived by an adopted daughter as her sole heir at law.

Contest of the will, by the adopted daughter, on the grounds of mental incompetency of testatrix and undue influence and fraud by Lottie Raymond, a niece and principal beneficiary under the will, was filed in the probate court and certified to and tried in the circuit court with verdict in favor of contestant and judgment *non obstante veredicto* admitting the will to probate.   Contestant reviews by appeal and contends that the evidence in support of the grounds of contest commanded verdict by the jury, and the court was in error in entering judgment contrary to the verdict.

At the close of the proofs proponent moved for a directed verdict and the court reserved and exercised decision thereon after the verdict.   If the evidence presented issues of fact, within the grounds of contest, for consideration of the jury, then the court was in error in entering judgment contrary to the verdict.   The instrument in suit gave contestant property occupied by her, and the residue of the estate to Lottie Raymond, with whom she was living and had lived for some years and who was paid for her keep.   The instrument also stated a reason for not leaving more of the estate to contestant.

The long record has been examined and found to be replete with hearsay, incompetent, irrelevant, immaterial and prejudicial testimony, introduced, however, without objection and, therefore, left for the jury to winnow the little material evidence from the mass of chaff.

Impeaching testimony went to the jury as substantive evidence for want of caution relative to its purpose and restricted use.

There was, however, some testimony tending to show senility of testatrix, but whether advanced to the point of rendering her mentally incompetent to comprehend the nature and extent of her property, to recall the natural objects of her bounty and to determine disposition of her property she desired to make, were questions of fact for the jury under the testimony that she was unable to recognize relatives and neighbors, wandered away from home and was found in a hospital where she had given her maiden name and, at times, could not carry on conversations.

Testatrix was uneducated and could not read, write or figure and there was testimony that she could not tell the denominations of paper currency. Such ignorance, however, had little, if any, bearing on her mental capacity to make a will. The evidence did not present issues of undue influence and fraud.

In 1928 a guardian was appointed for the estate, but not for the person of testatrix, evidently to forestall possibility of mercenary intentions of a suitor for her hand. Such guardianship did not prevent testatrix from making a will or constitute probative evidence of her mental incompetency.

Proponent not having appealed we cannot pass on the weight of the evidence, nor hold the verdict contrary to the weight thereof.

We are constrained to hold there was some evidence to go to the jury on the question of the mental incompetency of testatrix and, therefore, the court was in error in entering judgment contrary to the verdict. The court could have granted a new trial

and may yet do so, either upon motion under leave granted or *sua sponte*.

The judgment is reversed, with costs and, unless the court below grants a new trial, judgment must be entered on the verdict.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.