PETERS *v.* ÆTNA LIFE INS. CO.

1. APPEAL AND ERROR — JUDGMENT NOTWITHSTANDING VERDICT — CROSS-APPEAL—QUESTIONS REVIEWABLE.

At time of settlement of record on appeal by plaintiff from judgment for defendant notwithstanding verdict for plaintiff, it is incumbent upon defendant to present any assignment of error in consequence of which it could claim a new trial in so far as such errors occurred on the trial else suffer the Supreme Court, upon finding plaintiff entitled to judgment on the verdict, to order entry of judgment without reviewing questions as to admission of evidence which defendant might have presented by way of cross-appeal (Court Rule No. 66, § 8 [1933]; 3 Comp. Laws 1929, §§ 14531, 14532).

2. SAME—GREAT WEIGHT OF EVIDENCE—MOTION FOR A NEW TRIAL.

Claim that a verdict is contrary to the great weight of evidence cannot be presented for review in Supreme Court until party seeking such review has first submitted a motion for a new trial on that ground to the trial court and received an adverse ruling thereon.

3. SAME — JUDGMENT NOTWITHSTANDING VERDICT — REMAND — NEW TRIAL—QUESTIONS REVIEWABLE.

On appeal from judgment for plaintiff and denial of defendant's motion for new trial after remand of case from Supreme Court on appeal by plaintiff from judgment notwithstanding verdict, trial court *held,* to have power to entertain defendant's motion for new trial on ground that verdict was contrary to great weight of the evidence but not because of alleged wrongful admission or exclusion of testimony since latter questions could and should have been presented by a cross-appeal at former presentation (Court Rules Nos. 47, § 1, 66, § 8 [1933]).

4. INSURANCE—GROUP LIFE POLICY—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff in action by beneficiary for sums alleged to be due under a group life insurance policy *held,* not contrary to the great weight of the evidence.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted October 8, 1937. (Docket No. 72, Calendar No. 39,708.) Decided December 14, 1937.

Action by Pearl Peters against Ætna Life Insurance Company of Hartford, Connecticut, and Chrysler Corporation for sums due on a group life insurance policy. Verdict for plaintiff against defendant insurance company. Judgment for defendant insurance company *non obstante veredicto.* Plaintiff appealed. On remand from Supreme Court with order to enter judgment for plaintiff, judgment so entered and new trial denied. Defendant insurance company appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills,* for defendant insurance company.

NORTH, J.   The facts and circumstances attending
this litigation appear in our opinion rendered on a
former appeal and reported in *Peters* v. *Ætna Life
Ins. Co.*, 279 Mich. 663.   The trial in the circuit court
by jury prior to the former appeal to this court re-
sulted in a verdict for plaintiff; but judgment not-
withstanding the verdict was entered for defendant.
Plaintiff appealed and our former decision was that
the judgment entered in the circuit court should be
reversed and the case remanded with directions to
enter judgment for plaintiff on the verdict.   This
was done.   Thereupon the insurance company (here-
inafter called defendant), which had not perfected
a cross-appeal to this court, made a motion in the
circuit court for a new trial.   The reasons assigned
in support of this motion were that the court had
erred in receiving over defendant's objection certain
testimony offered by plaintiff, and in excluding testi-
mony offered by defendant, also that the verdict of
the jury was contrary to the great weight of the evi-
dence.   The circuit judge heard, passed on the
merits, and denied defendant's motion for a new
trial; and defendant has now taken this second ap-
peal to this court from such denial.

Among other questions presented is the right of
defendant to take this subsequent appeal following
the entry of judgment for plaintiff in accordance with
the decision of this court.   In substance it is the con-
tention of appellee that any and all claims of error on
the part of defendant should have been presented by
a cross-appeal at the time of the former appeal, and
having failed to do so defendant cannot have review
of such questions by a subsequent appeal.

This phase of appellate procedure is governed in
part by statute and in part by court rule.   Pertinent
portions of the statute are 3 Comp. Laws 1929,

§§ 14531, 14532. The latter section contains the following:

"If the party in whose favor the verdict of the jury was rendered shall appeal from the order of the trial court entering judgment notwithstanding the verdict and shall properly assign error thereon, and the Supreme Court shall be of the opinion that the trial court committed error in ordering judgment notwithstanding the verdict entered, the Supreme Court shall reverse such order of the trial court and shall order judgment entered in accordance with the verdict of the jury as rendered, unless it shall appear from the record that there is error in the case that would have entitled the party in whose favor judgment notwithstanding the verdict was entered, to a new trial if such judgment had not been entered by the trial court in which case a new trial shall be ordered."

By rule of court it is provided:

"Where an appeal is taken by either party in accordance with the provisions of 3 Comp. Laws 1929, § 14532, no error against the appellee shall be considered unless he shall prepare and present assignments of error upon which he relies for a new trial in the event of a reversal of the judgment. Such assignments of error shall be presented and attached to the bill of exceptions at the time of the settlement thereof in like manner and with like effect as assignments of error by appellant." Court Rule No. 66, § 8 (1933).

At the time defendant's motion for a new trial was presented to the trial court, plaintiff objected to the court considering the motion on the ground that it was without jurisdiction so to do. The question presented is whether this contention is sound. Under the statutory and rule provisions above quoted, as well as decisions of this court, it must be held that

plaintiff's contention is sound in part, but not wholly so.

Clearly, under the rule provision above quoted, it was made incumbent upon defendant to present, at the time of the settlement of the record on the first appeal, any assignment of error in consequence of which it claimed it was entitled to a new trial, in so far as such errors occurred on the trial. The rule provides that such assignment of error shall be presented by the appellee and be attached to the bill of exceptions then being settled in the same manner and with the same effect as the assignment of error by the appealing party. This has been squarely covered by our former decisions.

"Where appellee presented no assignments of error upon which it might rely for a new trial, on reversal of judgment *non obstante veredicto* judgment on the verdict will be ordered entered in the trial court under circuit court rule No. 66, § 6, (now Court Rule No. 66, § 8), and 3 Comp. Laws 1915, § 14568 *et seq.*, (3 Comp. Laws 1929, § 14531 *et seq.*)." *In re Knox's Estate* (syllabus), 220 Mich. 469.

"Both parties claim that incompetent testimony was received, but as plaintiff asks reversal and entry of judgment upon the verdict and not reversal with new trial, *and as defendant did not take a cross-appeal,* the rulings on evidence are not for review." *Peters* v. *Ætna Life Ins. Co.,* 279 Mich. 663.

Under the record in the instant case the foregoing would apply to all of the reasons assigned in support of defendant's appeal, save only defendant's claim that it is entitled to a new trial on the ground that the jury's verdict was contrary to the great weight of evidence.

We have repeatedly held a litigant's claim that a verdict is contrary to the great weight of evidence

cannot be presented for review in this court until the party seeking such review has first submitted a motion for a new trial on that ground to the trial court and received an adverse ruling thereon. Many cases might be cited, but see *Riber* v. *Morris,* 279 Mich. 344. Further Court Rule No. 47, § 1 (1933) in part provides:

"Motions for a new trial and motions in arrest of judgment, with the reasons on which they are founded, shall be filed and a copy thereof be served on the opposite party as follows: the former within 20 days after the entry of judgment, and the latter within 20 days after the rendition of a verdict, in the case of a trial by jury, * * * or * * * within such further time as shall be allowed therefor by the court or judge."

Obviously the foregoing rule provision contemplates that a party shall have 20 days after entry of an adverse judgment within which the motion may be made. In the instant case the defendant could not have consistently made a motion for a new trial on the ground that the verdict was against the great weight of evidence while it already had judgment *non obstante veredicto* in its favor. But as to all other questions of which defendant now seeks review, under the established practice it could have raised them and should have raised them by cross-appeal. Had it done so, then in event of reversal the errors asserted by defendant could have been and would have been passed upon by this court. A new trial might have been ordered on the first appeal.

But under existing rule provisions, defendant, as a matter of right within 20 days after entry of judgment against it, was entitled to make its motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence.

The foregoing is somewhat of a modification of the practice as stated in *Re Cummins Estate,* 271 Mich. 215. It follows that it was within the power of the trial court, after the instant case was remanded and judgment entered for plaintiff, to entertain defendant's motion for a new trial on the ground that the jury's verdict was contrary to the great weight of the evidence, but other reasons sought to be presented by defendant on the instant appeal could not be urged in support of a motion for a new trial after the case was remanded, because such questions could have been and should have been presented by a cross-appeal at the time the case was formerly presented to this court.

The trial court, considering the matter upon its merits, held that the verdict rendered by the jury was not contrary to the great weight of evidence and therefore defendant was not entitled to a new trial upon that ground. Our review of the record satisfies us that the conclusion of the trial court was correct and it is affirmed. Appellee will have costs on this appeal.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.