ST. JOHN *v.* NICHOLS.

1. AUTOMOBILES—BICYCLES—NEGLIGENCE—OBSERVATION—PROXIMATE CAUSE.
   Failure of defendant motorist to observe approach of plaintiff's decedent, a bicyclist, constituted sufficient evidence to go to jury on question of whether defendant driver was guilty of negligence proximately causing the accident.

2. SAME—BICYCLES—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   Burden of proving decedent bicyclist's freedom from contributory negligence constituting a proximate cause of collision between himself and defendants' car *held*, not sustained under record lacking in proof that his conduct and manner of riding the bicycle prior to the collision was that of an ordinary, careful and prudent person under the circumstances.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE.
   A plaintiff need not plead nor concede his own negligence in order to be entitled to go to the jury on the last clear chance doctrine.

4. SAME — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE — SUBSEQUENT NEGLIGENCE.
   A plaintiff whose contributory negligence has placed him in a position of peril will not be barred thereby from recovering from a defendant, where such contributory negligence has ceased to operate as a proximate cause of the injury caused by defendant's subsequent negligence.

5. AUTOMOBILES — BICYCLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE. .
   Plaintiff, administrator of decedent bicyclist's estate, would be entitled to recover from defendant motorists either where the fatal injuries were due solely to defendants' negligence, without contributory negligence on the part of decedent, or were due to defendants' subsequent negligence after de-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles §§ 167, 168.
[2] 5 Am Jur, Automobiles § 614.
[4, 5, 7] 5 Am Jur, Automobiles § 490.
[4, 5, 7] Last clear chance. 92 ALR 47; 119 ALR 1069.
[8] 5 Am Jur, Automobiles § 735.
[9] 53 Am Jur, Trial § 510.
[11, 13] 3 Am Jur, Appeal and Error § 1218.
[14] 14 Am Jur, Courts § 156.

cedent's negligence had placed him in a position of peril which the defendants ought to have discovered by the exercise of ordinary care in sufficient time to be able to avoid injury to decedent.

6. PLEADING—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEGLIGENCE —ELECTION BETWEEN THEORIES.

The court may not require a plaintiff to elect between the theory of her decedent's freedom from contributory negligence and the theory of subsequent negligence of defendant, regardless of whether plaintiff's decedent came into position of peril without fault or negligence or through negligence which had ceased to operate as a proximate cause of the ensuing injury.

7. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—PLEADING—ANTECEDENT NEGLIGENCE.

When subsequent negligence is properly pleaded by plaintiff, the occasion for the application of that doctrine by court or jury arises when the court or jury has found antecedent negligence on plaintiff's part, regardless of whether such negligence was pleaded or conceded by plaintiff or not.

8. SAME—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE—VERDICTS—INSTRUCTIONS.

A verdict cannot be permitted to stand where it was based on a finding that plaintiff's decedent was free from contributory negligence and such finding was unsupported by proofs, notwithstanding that it might properly have been sustained under the last clear chance doctrine had there been proper instructions permitting jury to find for plaintiff on such theory.

9. JUDGMENT—VERDICTS—INSTRUCTIONS.

A defendant is entitled to have decision of a jury in an action at law made under proper instructions as to the law applicable thereto before judgment may enter against him.

10. APPEAL AND ERROR—COURT RULE—CROSS APPEALS.

The court rule relative to cross appeals has for its purpose the apprisal of an opponent and the Supreme Court of the appellee's claims of error and the limitation of an appeal thereto and is ignored by the appellee at its peril (Court Rule No 66, § 8 [1945]).

11. NEW TRIAL—SUPREME COURT.

The Supreme Court possesses inherent power to order a new trial whenever it deems that the ends of justice so require.

12. APPEAL AND ERROR—CROSS APPEALS—SUPREME COURT—SUBSEQUENT NEGLIGENCE.

The court rule relative to cross appeals cannot operate to compel the Supreme Court to invade the province of the jury or to function as a trial court in determining whether, as a matter of fact, defendants were guilty of subsequent negligence entitling plaintiff to recover for fatal injuries to her decedent (Court Rule No 66, § 8 [1945]).

13. SAME—NEW TRIAL—SETTING ASIDE JUDGMENT NON OBSTANTE VEREDICTO—BRIEFS.

The Supreme Court may grant a new trial when a judgment *non obstante veredicto* is set aside on appeal, provided that such relief has been asked for and reasons set forth in brief on appeal (Court Rule No 72, § 1 [h] [1945]).

14. COURTS—SUPREME COURT—COURT RULES.

The promulgation of court rules by the Supreme Court cannot shackle its powers to do that which ought to be done if otherwise within the powers of the court.

15. NEW TRIAL—SUPREME COURT—COURT RULES—STATUTES.

The granting of a new trial as a result of an exercise of the inherent power of the Supreme Court after setting aside a judgment *non obstante veredicto* would not be based on the fact that the exercise of such power is not inconsistent with the Empson act, as the subject comes within the exclusive powers of the Supreme Court (Const 1908, art 4, §§ 1, 2, art 7, §§ 1, 5; CL 1948, § 691.692; Court Rule No 72, § 1 [h] [1951]).

16. COSTS—APPEAL—TRIAL.

No costs are allowed on appeal where Supreme Court set aside judgment *non obstante veredicto* and then granted a new trial, since neither party has prevailed in full; costs in the trial court to abide the final result (Court Rule No 72, § 1[h] [1945]).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 5, 1951. (Docket No. 21, Calendar No. 45,011.) Decided September 5, 1951. Rehearing denied December 3, 1951.

Case by Leah V. St. John, administratrix of the estate of Leonard O. St. John, deceased, against Reed J. Nichols and wife to recover damages re-

sulting from his death when struck by defendants' automobile. Verdict for plaintiff. Judgment for defendants *non obstante veredicto.* Plaintiff appeals. Reversed and new trial granted.

*Addison D. Connor,* for plaintiff.

*Clark C. Coulter (Victor H. Hampton,* of counsel), for defendants.

Dethmers, J. This action was brought for the wrongful death of plaintiff's decedent. A jury returned a verdict for plaintiff. The trial court entered a judgment for defendants *non obstante veredicto.* Plaintiff appeals. Defendants have not cross-appealed but, in their brief, request a new trial in the event of reversal.

Defendants, husband and wife, were co-owners of an automobile, which the wife was driving and the husband occupying as a passenger. She stopped the car, as directed by a stop sign, for a through street. Decedent, a 16-year-old boy, rode a bicycle through a gasoline station located at the corner immediately to defendants' right and proceeded toward defendants' car. Plaintiff claims that decedent rode the bicycle onto the crosswalk in front of defendants' standing car, whereupon it started forward abruptly, striking the bicycle broadside. The record is devoid of testimony for plaintiff concerning decedent's course of conduct and manner of riding the bicycle prior to the collision, leaving nothing from which it may be inferred that he saw defendants' car, maintained a proper lookout or conducted himself as an ordinary, careful and prudent person would have done under like circumstances. Testimony for the defense was that the car had started forward and almost reached the center of the intersecting street when decedent's bicycle suddenly cut in front

of defendants' right fender after having passed the car along its right side. Defendant driver admitted that she first saw the boy on the bicycle at the instant of the collision. When struck the boy was thrown onto the hood of the car. Defendant driver testified that she thereupon became very distraught, excited and upset and that she could not remember clearly what she did or what happened after the impact. Defendants entered the intersection with the intention of making—and they did make—a left turn. After the collision the car continued forward, increasing its speed gradually to about 10 or 15 miles per hour, with the boy bouncing up and down on the hood, for a distance claimed by plaintiff to be from 135 to 150 feet. In completing the left turn the car went up over the far curb and then back onto the pavement, during which time the boy fell, was dragged under the car for about 30 feet and then run over by a rear wheel. Within a couple of hours he died of resulting injuries. Plaintiff claims that decedent would not have been seriously injured had the car stopped promptly after the collision.

There was evidence sufficient to go to the jury on the question of whether defendant driver was guilty of negligence which was one of the proximate causes of the accident by reason of her admitted failure to observe decedent's approach. On the other hand, the learned trial judge was correct in holding that plaintiff had failed to sustain the burden of proving decedent's freedom from contributory negligence constituting a proximate cause of the collision. It was upon that ground that judgment *non obstante veredicto* for defendants was entered. That judgment should not be permitted to stand, however, because of the existence in this case of the question of defendants' subsequent negligence.

Plaintiff's declaration contained 2 counts. The first declared on defendants' negligence and dece-

dent's freedom from contributory negligence. Count 2 incorporated all of count 1, including allegations that defendants were guilty of gross negligence and wanton and reckless misconduct in failing to look out for decedent and in failing to stop the car within a reasonable distance after striking him and discovering him in a position of peril on the hood of the car. Count 2 also alleged that it had become defendants' duty to discover decedent in that position of peril and so to avoid injuring him, and that they had had the last clear chance to avoid such injury to him. The trial court declined, however, to submit the case to the jury on the last clear chance theory on the ground that, as a prerequisite thereto, plaintiff must allege and prove decedent's contributory negligence, or negligence on his part which placed him in the position of peril, citing *Gibbard* v. *Cursan,* 225 Mich. 311; *Davidson* v. *City of Detroit,* 307 Mich 420; *Morrison* v. *Hall,* 314 Mich 522; and *Dulemba* v. *Tribble,* 325 Mich 143.

Plaintiff refused to plead or concede decedent's contributory negligence and contended for the right to go to the jury on the alternative theories that decedent was free from contributory negligence but, if found guilty thereof, that he was excused therefrom by defendants' subsequent negligence. In that contention plaintiff was correct. The trial court's view is not supported by the cases just above cited. In the *Gibbard Case* this Court held that the question of plaintiff's contributory negligence was properly one for the jury, but, at the same time, held the lower court correct in also submitting to the jury the question of defendant's "gross negligence" (not in that case synonymous with "subsequent negligence"). In the *Davidson Case* this Court considered at length the question of whether the trial court was correct in holding plaintiff guilty of contributory negligence as a matter of law, following which we passed on the

question of whether, under the facts of that case, defendant was guilty of subsequent negligence. This was a plain recognition by this Court of plaintiff's right to have considered both the question of his own freedom from contributory negligence and that of defendant's subsequent negligence. In the *Morrison Case* it happens that plaintiff's negligence was an admitted fact; but the question of whether plaintiff could go to the jury, first on the question of his own freedom from contributory negligence and, if found guilty thereof, then of defendant's subsequent negligence, was not involved nor considered. Likewise, in the *Dulemba Case* we considered first whether the question of plaintiff's guilt of contributory negligence was one of law or fact, and thereafter the claim of defendant's subsequent negligence, which we rejected on the single ground that it was not shown that defendant had or should have discovered plaintiff in a position of peril in time sufficient to avoid the injury to him.

While neither the trial court nor defendants cite nor rely upon the case, this Court's opinion in *Kerns* v. *Lewis,* 246 Mich 423, would seem, upon cursory reading, to lend support to the trial court's view. We think, however, as an examination of the record and briefs bears out, that the real meaning of that case is that the doctrine of last clear chance, apparently never urged by plaintiff, was not in the case because not pleaded. Language in the opinion appearing to support the view of the trial court in the instant case we reject as utterly out of harmony with the views of this Court uniformly reflected in its other opinions on the subject, both before and ever since. In addition to the cases above discussed, see, also, in this connection, *Kelley* v. *Keller,* 211 Mich 404 (20 NCCA 228); *Golob* v. *Detroit United Railway,* 228 Mich 201; *Howell* v. *Hakes,* 251 Mich 372; and *Mallory* v. *Pitcairn,* 307 Mich 40.

The confusion in this case appears to have resulted from a misconstruction of the expressions of this Court on the subject, of which the following from *Davidson* v. *City of Detroit, supra,* is typical:

"In order to apply the doctrine of subsequent negligence  *  *  *  plaintiff's negligence must have put her in a position of danger, must have ceased to operate as the proximate cause of the accident, the defendant must have discovered plaintiff's peril or should by the exercise of ordinary care and diligence have discovered plaintiff's peril, the defendant must have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury."

The quoted language does not lay down the rule that a plaintiff must plead or concede his own negligence in order to be entitled to go to the jury on the last clear chance doctrine.   Rather, it means that even though the court or jury should find that plaintiff was placed in a position of peril through his own negligence, the latter will not bar recovery by plaintiff if it had ceased to operate as a proximate cause of the injury caused by defendants' subsequent negligence.   The law has been well stated in *Gibbard* v. *Cursan, supra,* as follows:

"In the ordinary case of negligence, if the plaintiff has been guilty of negligence, contributing to the injury for which the action is brought, he cannot recover.   It is to avoid this rule and to excuse contributory negligence of a plaintiff that the doctrine of gross negligence is usually invoked.  *  *  *

"The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proxi-

mate cause. Cooley on Torts (2d ed), p 674; *Labarge*
v. *Pere Marquette Railroad Co.,* 134 Mich 139.

"If the plaintiff is in a position which has become
dangerous and he is free from negligence, and the
defendant knows, or ought by the exercise of or-
dinary care to know, of plaintiff's peril, and never-
theless negligently injures him, there is no occasion
to invoke the doctrine of gross negligence to excuse
negligence of plaintiff, for there is no negligence of
plaintiff to be excused. *Schnurr* v. *Detroit United
Railway,* 222 Mich 591."

Whether decedent's injuries were due solely
to defendants' negligence, without contributory
negligence on his part, or, on the other hand,
were due to defendants' subsequent negligence
after decedent's negligence had placed him in
a position of peril and then ceased to operate
as a proximate cause of the ensuing injuries,
in either event plaintiff would be entitled to re-
cover. If defendants discovered or, in the exercise
of due care, should have discovered decedent in a
position of peril, in sufficient time to be able, by the
exercise of due care and diligence in the use of the
means at hand, to avoid injury to decedent but failed
to exercise such care and use such means, with the
result that decedent was injured by reason of such
neglect by defendants, the latter are liable to plain-
tiff in damages regardless of whether decedent came
into such position of peril without fault or negli-
gence on his part or through his own negligence
which had ceased to operate as a proximate cause
of the ensuing injury. *Gibbard* v. *Cursan, supra.*
That right of plaintiff to recover under either of
those 2 sets of circumstances the court may not de-
feat by requiring her, at her peril, to gamble on
whether the jury might prefer the theory of dece-
dent's freedom from contributory negligence or that
of defendants' subsequent negligence. When sub-

sequent negligence is properly pleaded by plaintiff the occasion for the application of that doctrine by court or jury arises when the court or jury has found antecedent negligence on plaintiff's part, regardless of whether such negligence was pleaded or conceded by plaintiff or not. Here the court found plaintiff's decedent guilty of contributory negligence as a matter of law. Inasmuch, therefore, as plaintiff was entitled to have the case considered by the jury under the last clear chance doctrine, a right denied her by the trial court, the judgment *non obstante veredicto* in favor of defendants ought to be set aside.

It remains to be determined whether the case should be remanded for entry of judgment for plaintiff on the jury verdict or for a new trial. Under the court's instructions, which in nowise touched on the law pertaining to subsequent negligence, the jury's verdict could have been predicated only upon a finding of decedent's freedom from contributory negligence. They so answered a special question. As previously stated, the verdict cannot be sustained on that theory for lack of proofs. The verdict is not saved by the fact that answers to special questions, submitted at defendants' request, indicate that the jury might have found for plaintiff on the subsequent negligence theory had the case thus been submitted to it. Without deciding what the rule might be if the undisputed and established facts warranted holding defendants guilty of subsequent negligence as a matter of law (In this connection see: *Emerson v. County of Santa Clara,* 40 Cal 543; *O'Neill .v. Thomas Day Co.,* 152 Cal 357 [92 P 856, 14 Ann Cas 970]; *Armstrong's Admr.* v. *Keith,* 26 Ky 107 [3 Marsh 153, 20 Am Dec 131] and annotations under latter.), suffice it to say that in the instant case defendants' subsequent negligence, if any, presented a question of fact for the jury. Under such circumstances a verdict erroneously returned in plaintiff's

favor on the theory of decedent's freedom from contributory negligence cannot be upheld merely because it might have been returned under the last clear chance doctrine, when the jury actually was permitted and required to arrive at its verdict without the benefit of any instructions whatsoever touching the law governing the application of that doctrine. Before judgment may enter against defendants on that theory, they are entitled to the decision of a jury under proper instructions as to the law applicable thereto. *Jorgensen* v. *Howland,* 325 Mich 440.

Relying on Court Rule No 66, § 8 (1945), plaintiff urges that defendants are not entitled to a new trial nor to have errors against them considered other than as waived because defendants have not cross-appealed nor attached to the record a statement of reasons and grounds therefor. Compliance with this rule serves the desirable purpose of placing both parties in the same position as relates to the necessity for apprising each other and this Court of their claims of error and limiting the scope of their appeals thereto. An appellee ignores the requirements of the rule at his peril. *In re Knox's Estate,* 220 Mich 469; *Yacobian* v. *Vartanian,* 221 Mich 25; *Levin* v. *Fisher,* 217 Mich 681; *Peters* v. *Aetna Life Ins. Co.,* 282 Mich 426. This Court possesses inherent power, however, to order a new trial whenever it deems that the ends of justice so require. The rule cannot operate to compel this Court to invade the province of the jury or to function as a trial court in determining whether, as a matter of fact, defendants were guilty of subsequent negligence entitling plaintiff to recovery. It was no doubt with the thought of avoiding such and other highly undesirable consequences of a strict enforcement of Rule No 66, § 8, that this Court in 1945 promulgated Court Rule No 72, § 1(h), which provides, under the head-

ing of "Miscellaneous Relief Obtainable in Supreme Court:"

"In the event that a judgment *non obstante veredicto* is set aside on appeal, the Supreme Court may grant a new trial, provided, however, that such relief has been asked for and reasons therefor set forth in the brief."

To hold otherwise and to give Rule No 66, § 8, a strict construction would serve to render Rule No 72, § 1 (h) meaningless. While this Court should and does give due regard to its own rules, the promulgation thereof cannot shackle the powers of this Court to do that which ought to be done if otherwise within the powers of the court. We note, in passing, that the granting of a new trial here is not inconsistent with CL 1948, § 691.692 (Stat Ann § 27.1462). We do not base decision thereon inasmuch as the subject comes within the exclusive powers of this Court and is, therefore, outside the legislative province. (Const 1908, art 4, §§ 1, 2; art 7, §§ 1, 5.)

Judgment *non obstante veredicto* reversed and cause remanded for new trial. No costs on this appeal, neither party having prevailed in full. Costs in the court below to abide the final result.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.