GEORGE v. WAYNE CIRCUIT JUDGE.

1. NEW TRIAL—JURISDICTION—WILL CONTEST—REMAND.
   A circuit judge was without power to grant a motion by contestant in a will contest for a new trial on the ground that the verdict for proponent was against the great weight of the evidence, where, after the cause had been appealed to the Supreme Court, it had been remanded with specific instruction that the circuit court certify the will to the probate court and admit it to probate and such order had been obeyed.

2. JUDGMENT—COURTS—COLLATERAL ATTACK.
   A case which has once been considered and disposed of by the courts before which it may lawfully be brought is disposed of for all time and the conclusion cannot be attacked in any new proceeding except upon certain equitable grounds.

3. APPEAL AND ERROR—REMAND—POWER OF LOWER COURT.
   There must be a finality to litigation, and when the court of last resort of a State has finally adjudicated the rights of parties it cannot remain for the court to which the case is remanded to determine whether such adjudication shall be enforced.

4. SAME—REMAND WITH DIRECTIONS—JURISDICTION.
   A circuit court is without power to do otherwise in a case appealed to the Supreme Court than follow the directions given by the latter upon the remand of a case with specific directions.

Mandamus by Stella George to compel George B. Murphy, Wayne Circuit Judge, to set aside order granting new trial. Submitted April 7, 1953. (Calendar No. 45,761.)  Writ granted June 8, 1953.

*Markle, Markle & Eubank,* for plaintiff.

*Henry J. Meurer (David Goldman,* of counsel), for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] Generally as to remand of case, see 3 Am Jur, Appeal and Error § 1210 *et seq.*

Boyles, J. This is an original proceeding in this Court for mandamus to compel Circuit Judge George B. Murphy in Wayne county to set aside an order granting a new trial.

In *Re Chambers' Estate,* 333 Mich 462, we held that the circuit judge had erred in granting a motion for judgment *non obstante veredicto* in favor of the contestant in a will contest, in which the jury had returned a verdict for the proponent. We remanded the case for certification to the probate court, admitting the will to probate. In accordance with said order of this Court, the trial judge certified the will to the probate court, where it was then admitted to probate and letters testamentary issued to one Stella George, the executrix named in the will. In the meantime, after our decision and while the matter was thus pending in the probate court, the contestant filed in circuit court a motion for a new trial which Judge George B. Murphy granted on the ground the verdict was against the great weight of the evidence.

Thereupon Stella George, the proponent and the executrix under the will by appointment of the probate court, filed the instant petition in this Court for mandamus to compel the circuit judge to set aside and vacate said order. We issued an order *nisi,* directing the circuit judge to show cause why a peremptory writ of mandamus should not issue out of this Court to compel him to set aside the order granting a new trial, and to enter an order denying said motion. Return has been made and the case submitted.

Under the circumstances, the circuit judge was without power to grant a new trial.

"The policy of the law is that when a case has once been considered and disposed of by the courts before which it may lawfully be brought, it is disposed of

for all time, and the conclusion cannot be attacked in any new proceeding except upon certain equitable grounds which are foreign to the present discussion. The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd. All the discretion which the inferior court can have must concern the execution of the judgment or decree which has been sent down to it; if no directions have been given as to these it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself." *People, ex rel. Lyon,* v. *Ingham Circuit Judge,* 37 Mich 377.

"When this case was last before us we affirmed the decree of the court below. * * * On November 29, 1918, a petition of plaintiff to vacate a portion of the decree as affirmed was filed in the court below without leave of this Court having been first obtained, and on the same day it was granted. From the order granting the prayer of this petition defendants Hurson appeal. * * * There must be a finality to litigation, and when the court of last resort of a State has finally adjudicated the rights of parties it cannot remain for the court to which the case is remanded to determine whether such adjudication shall be enforced." *Thompson* v. *Hurson,* 206 Mich 139.

The circuit judge in granting a new trial relied on *Peters* v. *Aetna Life Ins. Co.* (1937), 282 Mich 426, which case followed a like decision in 1935—*In re Cummins' Estate,* 271 Mich 215. The reason for the rule announced in those cases was eliminated by an amendment to Court Rule No 66, § 8, in 1938.* The

---

* See Michigan Court Rule (1945), No 66, § 8.

effect of the amendment was considered by the Court in *St. John* v. *Nichols,* 331 Mich 148, at pp 158, 159. In that case the ground on which this Court granted a new trial and remanded the case for that purpose after setting aside a judgment *non obstante veredicto* should be noted. The Court said:

"This Court possesses inherent power, however, to order a new trial whenever it deems that the ends of justice so require,"

and pointed to Court Rule (1945) No 72, § 1(h), which provides:

"In the event that a judgment *non obstante veredicto* is set aside on appeal, the Supreme Court may grant a new trial."

In said case, the merits of the case were discussed in the opinion and impelled this Court to the conclusion that the ends of justice required a new trial. Neither in the record before us in the instant matter nor in the *Re Chambers* decision do we find anything to indicate that a new trial is required by the merits of the case. The circuit judge did not discuss the merits in his opinion granting a new trial, nor were any proofs taken on the motion. To the contrary, in our opinion in *Re Chambers' Estate, supra,* we quoted at length and considered the testimony adduced before the jury when the contest was tried. We concluded that the controlling issues of mental capacity and proper execution of the will presented questions of fact properly submitted to the jury. However, there was nothing to indicate that a new trial should be granted, as in the *St. John Case.*

Counsel for the defendant in the instant proceeding cite cases holding that the circuit judge has authority to grant a motion for a new trial after judgment has been affirmed in this Court.* In those

---

* *Reynolds* v. *Newaygo Circuit Judge,* 109 Mich 403; *Barden* v. *A. Heller Sawdust Co.,* 240 Mich 549.

cases this Court had remanded the case without directions as to the final disposition thereof. The remand in the instant case was quite the opposite. Under it, the verdict of a jury upholding the will was affirmed, and the case was remanded for certification (of the will) to the probate court; which has been done. In so doing, we declined to follow the conclusions announced in the *Peters* and *Cummins Cases*, *supra*, for the reasons stated. But it should be pointed out that in the *Cummins Case* the remand was without directions as to the final disposition, and expressly left the door open to granting a new trial by the trial court.

The writ will issue directing the circuit judge to enter an order setting aside the order granting a new trial, denying the contestant's motion for a new trial.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.