VANDERWALL v MIDKIFF

Docket No. 115510. Submitted March 14, 1990, at Grand Rapids.
Decided November 6, 1990, at 9:20 A.M.

Jean Rowbotham, acting with a power of attorney on behalf of
Claude J. Gelderloos, executed a quitclaim deed to certain real
property owned by Gelderloos to Danny Midkiff and transferred
certain bank accounts owned by Gelderloos. Gelderloos died,
and Joel VanderWall, personal representative of the estate of
Claude J. Gelderloos, deceased, brought an action in the Ot-
tawa Circuit Court against the estate of Danny Midkiff, de-
ceased, Jean Rowbotham, and others, seeking to recover the
assets transferred by Rowbotham. Prior to trial the parties
agreed that only the issue of liability would be presented to
the jury, the parties having agreed regarding the issue of
damages. The jury found that Rowbotham had acted without
authority, entitling the plaintiff to a judgment in his favor.
However, the court, Calvin L. Bosman, J., granted the defen-
dants' motion for judgment notwithstanding the verdict and
ordered a new trial on the theories that the jury verdict was
against the great weight of the evidence and that there had
been improper conduct by the plaintiff's counsel. The plaintiff
appealed, and the Court of Appeals reversed, directing the trial
court to reinstate the judgment entered pursuant to the jury
verdict. The Court of Appeals also remanded to the trial court
the issue whether third-party defendant Transamerica Title
Insurance Company or the plaintiff would ultimately be held
liable for attorney fees paid on behalf of the Midkiff estate. 166
Mich App 668 (1988). On remand, the trial court addressed the
attorney fee issue as well as other issues raised by the plaintiff
ancillary to entry and enforcement of the judgment. Some
defendants objected to the plaintiff's interpretation of the judg-
ment that prejudgment and postjudgment interest would ac-
crue on that part of the judgment which represented a $45,000
award to plaintiff in lieu of title to the real estate quitclaimed

REFERENCES

Am Jur 2d, Appeal and Error §§ 744, 962, 964, 965; Judgments
§§ 420, 457, 465.
See the Index to Annotations under Remand; Res Judicata.

to Danny Midkiff. The court ruled that plaintiff was not entitled to prejudgment and postjudgment interest on this portion of the judgment and so provided in its order. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court was without authority to modify the judgment by ordering that the award of interest did not apply to the $45,000 to be paid to the plaintiff in lieu of title to the disputed premises. The trial court on remand had authority only to reinstate the jury's verdict and to determine the issue of attorneys fees. It had no authority to modify the jury's verdict.

2. The doctrine of res judicata prevents defendants from raising the interest issue in the Court of Appeals because the issue was not raised in the original appeal. Those issues which could and should have been raised in the initial appeal, but were not, are waived.

3. The trial court exceeded its authority in modifying the original judgment by holding that the interest provision was inapplicable to the $45,000 award because, by the terms of the judgment itself, interest was applicable to all monetary awards under the judgment, and the Court of Appeals, in the prior appeal, had ordered the original judgment reinstated. The trial court must reinstate the original judgment as rendered.

Reversed and remanded.

1. APPEAL — REMAND.

A trial court, when a matter is remanded to it by an appellate court, possesses the authority to take any action which is not inconsistent with the opinion of the appellate court.

2. JUDGMENTS — RES JUDICATA — SUBJECTS OF LITIGATION.

The doctrine of res judicata applies not only to points upon which the court, in an earlier action, was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.

3. APPEAL — RES JUDICATA — ABANDONMENT OF ISSUES.

The principles of res judicata require that a party bring in the initial appeal all issues which are then present and can and should be raised; failure to raise such issues in the initial appeal results in their abandonment; they cannot be raised in subsequent appeals.

*James J. Kobza,* for the plaintiff.

*Roper, Meyers, Knoll, Bauer & Knoll, P.C.* (by *George E. Bauer*), for Kenneth V. and Dorothy E. Ray and Transamerica Title Insurance Company.

Before: MARILYN KELLY, P.J., and SAWYER and WEAVER, JJ.

PER CURIAM. In this matter, the circuit court entered an order implementing a prior judgment, with modification, in favor of plaintiff. Plaintiff now appeals and we reverse.

This case is once again before us, having been the subject of a previous appeal in which this Court reversed an order of the trial court granting defendants' motions for judgment notwithstanding the verdict and granting a new trial. *VanderWall v Midkiff,* 166 Mich App 668; 421 NW2d 263 (1988). Briefly, defendant Rowbotham had executed a quitclaim deed to certain real property owned by decedent Gelderloos to Danny Midkiff as well as making certain transfers of bank accounts owned by decedent Gelderloos, either individually or jointly with Danny Midkiff (Gelderloos' stepson), Jean VanderWall (Gelderloos' sister), and John VanderWall (Gelderloos' nephew). Plaintiff sought to recover these assets into the estate, contending that Rowbotham acted without authority. Rowbotham, Gelderloos' stepdaughter, who had a power of attorney to act on Gelderloos' behalf, contended that her actions were authorized by Gelderloos.

Prior to the conclusion of trial, the parties were able to agree on the issue of damages if the jury determined that Rowbotham had acted without authority. Accordingly, only the issue of liability was submitted to the jury. Specifically, the verdict form submitted to the jury asked two questions, whether Rowbotham had acted with authority in transferring the bank accounts and whether Rowbotham had acted with authority in transferring the real

estate. The jury answered both questions in the negative, thus entitling plaintiff to a judgment in his favor. However, the trial court thereafter granted defendants' motions for judgment notwithstanding the verdict and ordered a new trial on the theories that the jury verdict had been against the great weight of the evidence and that there had been improper conduct by plaintiff's counsel.

On appeal, this Court concluded that the trial court had erred in granting judgment notwithstanding the verdict and, accordingly, reversed the trial court's order and directed that it reinstate the judgment entered pursuant to the jury verdict. *VanderWall, supra* at 684. This Court also considered a second issue, concerning the trial court's failure to address the question whether third-party defendant Transamerica Title or plaintiff would ultimately be held liable for attorney fees paid on behalf of the Midkiff estate. This Court determined that resolution of the issue depended upon several factual determinations that were unclear from the record and remanded the matter to the trial court to resolve the attorney fee issue. *Id.* at 685-686.

On remand, the trial court addressed the attorney fee issue as well as a number of other issues raised by plaintiff ancillary to entry and enforcement of the judgment. It was at this point that some of the defendants raised objection to plaintiff's interpretation of the judgment that prejudgment and postjudgment interest would accrue on that part of the judgment which represented a $45,000 award to plaintiff in lieu of title to the real estate. The trial court determined that plaintiff was not entitled to prejudgment and postjudgment interest on this portion of the judgment and so provided in its order. It is the issue of plaintiff's entitlement to that interest which forms the subject of this appeal.

The judgment entered upon the jury verdict provided in pertinent part as follows:

The parties, prior to, during, and at the conclusion of trial entered into certain agreements as to the effect of a jury verdict in favor of plaintiffs, in whose favor and for certain amounts that such a judgment should enter, and against which defendants it should enter. Pursuant to said jury verdict, and applying the agreements made on the record during this case, and being fully advised in the premises, this Court does ORDER AND ADJUDGE and does hereby enter a JUDGMENT in favor of plaintiffs and against those individual defendants, as follows:

JUDGMENTS ENTERED IN FAVOR OF PLAINTIFFS:

1. To the Estate of Clause J. Gelderloos $55,930.12 together with title to the disputed premises or its equivalent value of $45,000 for a total of $100,930.12.
2. To Jean VanderWall $21,823.58.
3. To John VanderWall $10,051.47.

JUDGMENTS ENTERED AGAINST DEFENDANTS:

1. Jean Rowbotham $47,978.28.
2. Jeanette [sic] Fenn $18,003.31.
3. Alvias A. Nicholes $21,823.58.
4. Estate of Danny Wayne Midkiff—Title to the disputed premises or its equivalent value of $45,000.
Each of the above separate amounts of JUDGMENT shall be payable with statutory interest at twelve (12%) percent, compounded annually, from November 4, 1983, date of filing this action, until paid.

On appeal, plaintiff argues both that the trial court was without authority to modify the judgment by ordering that the award of interest did not apply to the $45,000 to be paid plaintiff in lieu of title to the disputed premises and that, even if the trial court had the authority to make such a decision, its decision was erroneous.

Turning first to the issue whether the trial court had the authority to modify the judgment, we conclude that it did not. As defendants correctly point out, when a matter is remanded by an appellate court to the trial court, the trial court possesses the authority to take any action which is not inconsistent with the opinion of the appellate court. *Sokel v Nickoli,* 356 Mich 460, 464; 97 NW2d 1 (1959). The questions remain, however, whether defendants can now raise the interest issue, not having previously argued that issue during or prior to the first appeal and, similarly, whether the trial court's actions in the case at bar were inconsistent with this Court's prior decision.

There is authority to support both sides of the first question, but, as we will discuss below, we believe that plaintiff's position is stronger. In *Meyering v Russell,* 85 Mich App 547; 272 NW2d 131 (1978), the majority suggests that the trial court is free to consider an issue on remand which had not been considered by the appellate court during the prior appeal. *Id.* at 553. The majority goes on to conclude that the doctrine of res judicata does not apply unless the precise issue belonging to the litigation had been decided by the court in the previous decision. *Id.* at 554. This supports defendants' position in the case at bar.

However, we believe that Judge Gillis' partial dissent in *Meyering* presents the better interpretation of the issue. Judge Gillis opined as follows:

> The majority states that in order for res judicata to apply, "the precise issue or any point properly belonging to the litigation must be decided." I respectfully disagree. In *Curry* [v *Detroit,* 394 Mich 327; 231 NW2d 57 (1975)], *supra,* the Supreme Court explicitly rejected such a rule, stating the following:
>
> "During the doctrine's development some cases held that 'for *res judicata* to apply, the question

must in fact have been litigated in the first proceeding.' *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). That Court then stated:

" 'The correct rule is found in *Henderson v Henderson,* 3 Hare 100, 115 (67 Eng Rep 313) [1843], and is quoted in Michigan decisions from *Harrington v Huff & Mitchell Co,* 155 Mich 139, 142 [118 NW 924 (1908)], to *Shank v Castle,* 357 Mich 290, 295 [98 NW2d 579 (1959)]:

" ' " 'The plea of res judicata applies, except in special cases, *not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation,* and which the parties, exercising reasonable diligence, might have brought forward at the time.' " ' " 394 Mich at 332. (Emphasis supplied.)

It is evident from the foregoing that a particular issue need not be decided for res judicata to apply. Indeed, the issue need not even be raised for res judicata to apply, if it is one which a party should have raised.

\* \* \*

Neither plaintiff nor Russell appealed the judgment. The decision of a court having jurisdiction is final, where not appealed, and cannot be collaterally attacked. *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). Delayed appeal may be granted up to 18 months after entry of a judgment. GCR 1963, 803.3, 806.2. Plaintiff knew defendant Deitz had appealed from that portion of the judgment adverse to him. Hence, *if plaintiff wished to preserve any rights he felt he had against defendant Russell, the proper procedure was to file an appeal, or at least subsequently request leave to file a delayed appeal. Having failed to do so, plaintiff's rights vis-à-vis Russell were final.* See *Lesher v Bonner,* 269 Mich 124, 131; 256 NW 827 (1934); *Bice v Holmes,* 309 Mich 110, 112; 14 NW2d 800 (1944).

Even if defendant Russell had appealed from the judgment, plaintiff's failure to file a cross-appeal

would preclude him from getting greater relief against Russell than the trial court had granted. *Paton v Stealy,* 272 Mich 57, 61; 261 NW 131 (1935); *Prosecuting Attorney, ex rel MacKenzie v Knight,* 266 Mich 567; 254 NW 206 (1934); *Bowman v Gork,* 106 Mich 163; 63 NW 998 (1895); *Heath v Waters,* 40 Mich 457, 472 (1879); *Match v Hunt,* 38 Mich 1, 9 (1878).

In *Bowman, supra,* the trial court granted plaintiff's request for specific performance. Defendant appealed from that decision. Plaintiff asked the appellate court for an accounting for the rental value of the property. The Supreme Court refused to give plaintiff such relief because the lower court's decree contained no such provision and plaintiff had failed to take a cross-appeal.

In the instant case the trial court's order contained no provision awarding damages to plaintiff against Russell. Plaintiff failed to appeal. Therefore, the appellate courts could not grant plaintiff additional relief, *i.e.,* damages, against Russell. *Holman v Moore,* 259 Mich 63; 242 NW 839 (1932). I fail to see how the trial court could do on remand what the Supreme Court could not have done on appeal.

\* \* \*

It is my opinion that *the original judgment should be given res judicata effect in all proceedings which occur after plaintiff has lost his ability to appeal or cross-appeal.*

If the Supreme Court had not remanded this case for further proceedings, it would seem that plaintiff would be forced to assert his claim against defendant-vendor in a new action. The original judgment would clearly bar his claim in a new action. *The fortuity that the case was remanded for further proceedings on an issue other than defendant-vendor's liability for damages should not permit plaintiff to escape the bar of the original judgment.*

One purpose underlying the doctrine of res judicata is to insure finality of judgment. This purpose would be circumvented if plaintiff is allowed to

assert his claim for damages against defendant-vendor years after the entry of a judgment which fully litigated the issue between the same parties. [*Meyering, supra* at 556-559. Emphasis added.]

Judge GILLIS' reasoning is consistent with the holding of the Supreme Court in *Peters v Aetna Life Ins Co,* 282 Mich 426, 432; 276 NW 504 (1937), wherein the Court held as follows:

> It follows that it was within the power of the trial court, after the instant case was remanded and judgment entered for plaintiff, to entertain defendant's motion for a new trial on the ground that the jury's verdict was contrary to the great weight of the evidence, but other reasons sought to be presented by defendant on the instant appeal could not be urged in support of a motion for a new trial after the case was remanded, *because such questions could have been and should have been presented by a cross-appeal at the time the case was formerly presented to this court.* [Emphasis added.]

The *Peters* case is somewhat similar to the case at bar in that the jury in *Peters* rendered a verdict in favor of plaintiff, but the trial court granted judgment notwithstanding the verdict in favor of defendant. The plaintiff then appealed and the Supreme Court determined that the trial court had erred in granting judgment notwithstanding the verdict and remanded the matter to the circuit court with directions to enter judgment for plaintiff on the verdict.

The trial court did so, but subsequently granted defendant's motion for a new trial. The Court concluded that the trial court was without authority to grant such a motion since the issue upon which new trial had been granted, other than the issue of the verdict being against the great weight of the evidence, could have been raised in the initial appeal,

but had not been. *Id.* at 431-432. Indeed, it is important to note that the Court's decision that the trial court could still grant a new trial on the issue of the verdict being contrary to the great weight of the evidence was based not upon any inherent authority of the court to always consider such issues after remand, but upon its determination that the defendant could not have consistently made a motion for new trial on the ground that the verdict was against the great weight of the evidence while it had already received a judgment notwithstanding the verdict in its favor. *Id.* at 431.[1]

Next, we must determine precisely what this Court decided in the prior appeal and what authority was granted to the trial court in our directions on remand. In reversing the trial court's grant of judgment notwithstanding the verdict, we stated as follows:

> Accordingly, *we* reverse the trial court's order granting judgment notwithstanding the verdict and a new trial and *reinstate the judgment entered pursuant to the jury verdict.* [*VanderWall, supra* at 684. Emphasis added.]

As for the directions on remand, this Court remanded for a determination of the attorney fee issue:

> Finally, third-party defendant Transamerica points out that, in its October 28, 1985, order, the trial court did not address the question whether

---

[1] It should be acknowledged that the *Peters* decision was based, at least in part, on statutory provisions and a court rule which have long since been changed. See *George v Wayne Circuit Judge,* 336 Mich 543; 58 NW2d 915 (1953). However, after reviewing the statute and court rule relied upon by *Peters* and the discussion by the Court in *George,* we are convinced that it remains valid to rely upon *Peters* in deciding the issue before us in the instant case.

> Transamerica or plaintiff would ultimately be held liable for the attorney fees paid on behalf of the Midkiff estate. Because resolution of this issue depends upon several factual determinations which are unclear from the present record, we remand this matter to the trial court. [*Vander-Wall, supra* at 685-686.]

Clearly, this Court directed that the original judgment entered upon the jury verdict be reinstated and the scope of the remand was limited to a determination of the attorney fee issue. Equally clear, the trial court failed to comply with the directives of this Court. Specifically, the trial court failed to reinstate the judgment entered upon the jury verdict; rather, it modified the judgment entered upon the verdict. This it had no authority to do.

In light of the Supreme Court's decision in *Peters, supra,* as well as Judge GILLIS' well-reasoned dissent in *Meyering, supra,* we conclude that the principles of res judicata require that a party bring in the initial appeal all issues which were then present and could have and should have been raised. That is, just as plaintiff was required in the initial appeal to present all arguments why the trial court had erred in granting judgment notwithstanding the verdict, defendants were also required to bring their challenges to the underlying judgment, whether it had been by way of argument in the appellees' brief defending the trial court's action or by way of cross appeal raising issues separate from the issue of the granting of judgment notwithstanding the verdict.

Defendants could have, and should have, initially raised the interest issue in the trial court prior to the first appeal and, if dissatisfied with the trial court's resolution of the issue, filed a cross appeal to plaintiff's original appeal, raising the interest issue

before this Court in the original appeal.[2] In other words, by choosing not to raise the interest issue by way of cross appeal in the original appeal, defendants abandoned the issue, thus limiting their attack on the judgment to their defense of the correctness of the trial court's ruling in granting judgment notwithstanding the verdict.[3]

In sum, defendants should have raised any challenge to the underlying judgment in the original appeal. Having failed to do so, defendants now have little choice but to accept this Court's determination in the original appeal, specifically that the original judgment entered upon the jury verdict was to be reinstated.[4] Had this Court merely concluded that the trial court had erred in granting judgment notwithstanding the verdict and remanded the matter to the trial court for further proceedings with no specific directives, it might be argued that we left open the question of additional challenges to the judgment and that defendants could have raised such challenges, including the interest issue, in the trial court. We need not decide, however, whether our decision today would permit such action since this Court did order the

---

[2] Obviously, had the trial court resolved the issue favorably to defendants, plaintiff would then have included that claim of error in his brief on appeal.

[3] The Rays and Transamerica Title did, in fact, cross appeal in the original appeal, raising issues unrelated to the interest question.

[4] We would further note that defendants did not even take the measure of raising the interest issue by way of a motion for rehearing in this Court in our original opinion. That is, had defendants felt that the original judgment was defective due to the interest issue, at a minimum they could have filed a motion for rehearing of our original opinion, arguing that this Court erred in ordering the original judgment reinstated because of that issue, and further arguing that we should remand for further proceedings rather than ordering reinstatement of the judgment. Indeed, for that matter, defendants could have argued in their appellees' brief in the original appeal that plaintiff, even if correct on the issue raised, was not entitled to have the judgment reinstated, but only to a remand for further proceedings since the interest issue remained to be resolved.

judgment reinstated rather than merely remanding for further proceedings.[5]

Finally, we should note that our decision in the instant case does not preclude a trial court from granting relief from judgment on the basis of issues which were not present at the time of the taking of the original appeal. For example, a party could seek a new trial under MCR 2.611(A)(1)(f) or relief from judgment under MCR 2.612(C)(1)(b) on the basis of newly discovered evidence which could not have been discovered prior to the taking of the appeal. Similarly, the discovery of fraud subsequent to the taking of the appeal might warrant relief from judgment under MCR 2.612(C)(1)(c). Rather, we merely hold that, in the context of this case, those issues which could have and should have been raised in the initial appeal, and were not, are waived.

For the above reasons, we conclude that the trial court exceeded its authority in modifying the original judgment by holding that the interest provision was inapplicable to the $45,000 award since, by the terms of the judgment itself, interest was applicable to all monetary awards under the judgment and this Court, in the prior appeal, ordered the original judgment reinstated. Accordingly, we again order that the original judgment be reinstated as it was rendered.

Since we conclude that the trial court was without authority to modify the judgment, and that defendants have abandoned the question whether interest should have been awarded on the $45,000, we decline to address the issue raised by the

---

[5] Similarly, a different result might be called for had the interest issue been raised in the trial court at the time of the motion for judgment notwithstanding the verdict and had the trial court declined to address the issue since it was granting judgment notwithstanding the verdict. Although the reasoning employed in the instant case suggests that the proper determination would be that defendants would have been required to raise those undecided issues by way of cross appeal in the original appeal, we leave that determination to a future panel in the appropriate case.

parties as to whether interest should have been awarded on the $45,000 portion of the judgment. However, we do briefly note that we are not convinced that the question whether the appropriate statutory provision relating to interest is applicable is relevant to this action. Here, the issue of damages was settled by agreement of the parties. That agreement, in our opinion, included a provision awarding twelve percent interest, both prejudgment and postjudgment, on all monetary awards under the judgment, including the provision related to the $45,000, and, therefore, that settlement was enforceable. That is, even if the trial court could not have awarded interest on that portion of the judgment had damages been decided by the jury, the parties were free to settle the matter on terms which the trial court would not have had the authority to grant had the issue gone to trial. Thus, even if interest was not awardable, the parties nevertheless agreed to pay interest.

For the above reasons, the order of the circuit court is reversed with respect to the provision denying the award of interest on the $45,000 and the original judgment is again ordered reinstated as rendered. Plaintiff may tax costs.

MARILYN KELLY, P.J., concurred in the result only.