*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF DETROIT and DETROIT WATER AND SEWERAGE DEPARTMENT,

UNPUBLISHED
August 18, 2022

Plaintiffs/Counterdefendants-
Appellants,

v

No. 357040
Wayne Circuit Court
LC No. 14-001974-CK

CITY OF HIGHLAND PARK,

Defendant/Counterplaintiff/Third-
Party Plaintiff-Appellee,

and

GREAT LAKES WATER AUTHORITY,

Third-Party Defendant-Appellant.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

This case arises out of a long-running dispute between defendant, city of Highland Park (Highland Park) and plaintiffs, city of Detroit and Detroit Water and Sewerage Department (DWSD, and collectively referred to as "Detroit"), and third-party defendant, Great Lakes Water Authority (GLWA), over Highland Park's failure to pay for water and sewer services. In this current matter, Detroit and GLWA appeal as of right, challenging the February 26, 2021 and March 23, 2021 orders entering judgment in favor of Highland Park. We vacate the February 26, 2021 order granting Highland Park's motion for entry of judgment and the March 23, 2021 order of dismissal, and remand for reinstatement—and enforcement—of the April 30, 2015 judgment in favor of Detroit, entered on the trial court's July 31, 2014 opinion and order.

-1-

## I. INTRODUCTION

For several decades, Detroit has sought to collect payment from Highland Park for water and sewage services. These efforts have given rise to actions in both the federal and state courts. Indeed, in November 2016, this Court affirmed an approximately $20 million judgment in Detroit's favor (the "2015 judgment"). *City of Detroit v City of Highland Park*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2016 (Docket No. 327448). This prior appeal is inextricably intertwined with the issues in the current appeal. Thus, it is necessary to briefly review the history of water and sewage service transactions between Highland Park and Detroit to properly understand the issues raised in this appeal.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

### A. THE 2015 JUDGMENT AND PRIOR APPEAL IN DOCKET NO. 327448

Detroit, through the DWSD, has provided water and sewage treatment services to the residents of Highland Park since 1926. In the ensuing years, disputes arose related to Highland Park's failure to pay its water and sewer bills. Detroit asserts that, despite a 1996 Settlement Agreement, Highland Park has had a "chronic problem paying its charges for sewage treatment services timely and in full."

On February 18, 2014, Detroit sued Highland Park in the Wayne Circuit Court, seeking to recover millions of dollars in fees allegedly owed for water and sewage treatment services. In its March 3, 2014 amended complaint, Detroit alleged that under the terms of a 1996 settlement agreement, Highland Park agreed to, among other things, keep its sewer bills current. Detroit's complaint further asserted that Highland Park failed to comply with a 1983 Sewage Service Contract, which required that Highland Park "pay the Board for sewage treatment and disposal service at such rates as the Board may establish from time to time." Detroit also alleged that Highland Park failed to comply with a 2009 agreement that was negotiated in an attempt, at that time, to address the then-outstanding debt. Detroit's complaint asserted that because Highland Park failed to comply with its contractual obligations, it had accrued more than $17,000,000 in water bill arrearages. Detroit's amended complaint alleged theories sounding in breach of contract (Count I), breach of implied contract (Count II), quantum meruit (Count III), account stated (Count IV), and conversion (Count V).

On March 11, 2014, in addition to filing its answer, Highland Park filed a countercomplaint for declaratory relief in which it alleged that under the 1996 settlement agreement, its only obligation was to collect money from the users or city property owners at a rate of $22 kcf to pay for sewer services, place into escrow a percentage of the amounts received, and to the extent that money was received, disperse those funds monthly to Detroit. Highland Park alleged that the agreement created a payment obligation secured by sewer user fees and a rate increase covenant, but it did not require Highland Park to guarantee collections. Highland Park asserted that it, as a city, was not responsible for subsidizing the sewer users. Highland Park specifically alleged that "the only source of payment for water and sewer services is the escrow account Detroit [sic] has no further recourse, and therefore may not seek judgment against any other funds of the City of Highland Park." By its countercomplaint, Highland Park sought an order declaring "that the parties' respective rights, as contained in the 1996 Settlement Agreement and the Amended

Consent Judgment, are in full force and effect." Specifically, Highland Park sought a declaration that its obligations to Detroit were limited to "depositing into said escrow account, on a daily basis, 65% of any and all amounts received by it in payment of bills for water or wastewater treatment services rendered by the City of Detroit and DWSD to its customers, and further that any and all amounts so deposited shall be held in trust solely for the benefit of the City of Detroit and shall be paid over to the City of Detroit through its Detroit Water and Sewerage Department (DWSD), on a monthly basis, on or before the 10th day of each month."

Between March and May of 2014, the parties filed cross-motions for summary disposition. On July 31, 2014, the trial court entered an opinion and order granting in part and denying in part the parties' motions. The court granted summary disposition in Detroit's favor on its breach of contract, breach of implied contract, and account stated claims. The court further concluded that because Detroit stated in writing an outstanding account, and Highland Park failed to object to the account within a reasonable time, Detroit had established a valid claim under an account stated theory of liability.[1] After making these findings, the court concluded that because Detroit prevailed on the account stated count, judgment would be entered for the amount of the debt outstanding as of the date of the complaint.

Apparently, settlement negotiations transpired after the entry of the court's July 31, 2014 opinion and order, but then broke down. Consequently, on March 30, 2015, eight months after the entry of the court's summary disposition order, Detroit moved, pursuant to MCL 600.6093, for a certified transcript of partial judgment. MCL 600.6093 governs the collection of judgments against townships, villages, cities, or counties, and provides, among other things, that when a party obtains a money judgment against a municipality, the party has the right to take the judgment to the "supervisor" or "assessing officer" of the municipality, who then shall enroll the judgment on the tax assessment rolls for collection from the taxpayers. MCL 600.6093(1). Highland Park objected to Detroit's motion, arguing that because the court's July 31, 2014 order was not a final judgment, Detroit's motion for issuance of a certified transcript was premature. Notably, Highland Park did not take the position that the judgment was not final because of its own allegedly outstanding counterclaim. Instead, it argued that the judgment was not final because the court only granted Detroit judgment on one of its claims. Highland Park noted that Detroit's other theories had yet to be adjudicated.

At a hearing on April 24, 2015, the court considered and granted Detroit's motion for a certified transcript. The court noted that the primary reason for granting summary disposition in Detroit's favor was the validity of the account stated claim. It therefore held that for purposes of finality, Detroit was entitled to the amounts alleged in the complaint. On April 30, 2015, the trial court, sua sponte, entered an order entitled: "Judgment on July 31, 2014 Opinion and Order." By this order, the court incorporated by reference its July 31, 2014 order granting summary disposition in Detroit's favor, and further ordered that judgment now be entered in Detroit's favor in the

---

[1] MCL 600.2145 sets forth Michigan's account stated procedures. This statute, in general, permits a plaintiff to file and serve on a defendant an affidavit of the amount due with a copy of the account attached, together with the complaint. This affidavit is then deemed prima facie evidence of the debt unless the defendant files an affidavit denying the indebtedness with its answer.

amount of $19,244,838.53. The court's order also directed that the judgment and its July 31, 2014 order "may be submitted to the Wayne County Clerk as the transcript of the judgment and to be certified pursuant to MCL 600.6093."

After the court entered the April 30, 2015 judgment, Highland Park filed an emergency motion to stay execution on any judgment that might be pursued under MCL 600.6093, until the court heard its motion for judgment relief. Highland Park then addressed one of the issues it had raised in its still-pending motion for relief from judgment, namely, that if MCL 600.6093 required the city assessor to impose an ad valorem tax on the property owners of Highland Park, imposition of such a tax would violate § 204(b) of the Clean Water Act, 33 USC 1284(b). Highland Park's motion for judgment relief was heard and denied on May 15, 2015. Finally, the court found unpersuasive Highland Park's argument that use of the statutory remedy to collect on the judgment by placing it on the tax rolls was improper.

On May 18, 2015, Highland Park filed a claim of appeal in this Court in Docket No. 327448. On November 15, 2016, this Court affirmed the April 30, 2015 judgment in favor of Detroit. This Court stated that the only preserved and properly presented issue was whether Detroit could collect its judgment against Highland Park under MCL 600.6093. This Court found that although Highland Park had initially attempted to expand the scope of its appellate issues to include an attack on the validity of the judgment, it abandoned those efforts and only challenged on appeal Detroit's ability to collect on the judgment. *City of Detroit v City of Highland Park*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2016 (Docket No 327448), p 1. This Court then rejected Highland Park's argument that enforcement of Detroit's judgment under MCL 600.6093 would impose an ad valorem tax in violation of provisions of the Clean Water Act, 33 USC 1284. This Court concluded that Highland Park's interpretation of the statute was inconsistent with the statute's plain language. *Id.*, unpub op at 2-4. On January 25, 2017, this Court denied Highland Park's motion for reconsideration. Thereafter, our Supreme Court denied Highland Park's application for leave to appeal and also denied a later motion for reconsideration. *City of Detroit v City of Highland Park*, 501 Mich 861, reh den 501 Mich 930 (2017).

## B. EVENTS FOLLOWING 2015-2016 APPEAL

In May 2017, while leave was pending in the Supreme Court, Highland Park filed a motion in the trial court seeking summary disposition on its countercomplaint. The trial court deferred ruling on the motion until the appeal process concluded. After the Supreme Court denied leave in the prior appeal, Detroit filed a motion for issuance of a certified transcript of partial judgment. The certified transcript was necessary to enable Detroit to enforce, under MCL 600.6093, the court's earlier 2015 judgment. In addition, Detroit argued that because of the passage of time, the judgment should be amended to include all accrued postjudgment interest through October 31, 2017. The trial court granted Detroit's motion and issued an amended judgment for Detroit in an amount of over $21 million. The court's order indicated that the amended judgment could be submitted to the clerk to be certified pursuant to MCL 600.6093 and if Highland Park failed to act under the statute, Detroit "shall commence a separate action requesting a writ of mandamus."

In the months that followed, Highland Park filed several motions attempting to challenge the 2015 judgment, as amended in December 2017. On December 20, 2017, Highland Park filed

a motion for relief from judgment. On January 5, 2018, it filed a motion to set aside the partial summary disposition order dated July 31, 2014, and on January 11, 2018, it filed a motion seeking, in part, to stay execution of the order granting Detroit partial summary disposition pending final judgment. At a hearing on February 12, 2018, the trial court commented on the finality of the 2015 judgment, but acknowledged the possibility that the amounts owed to Detroit could be reduced should Highland Park prevail on any of the claims set forth in its countercomplaint. The court's ensuing order, addressing the three Highland Park motions, essentially stayed execution of the 2015 judgment until litigation concluded on Highland Park's countercomplaint.[2]

On August 23, 2019, Detroit filed a motion requesting that the court hold a scheduling conference, noting that since the appeals had concluded, no final scheduling order had been put in place. The trial court granted the motion and further ordered that discovery would be open on Highland Park's countercomplaint until February 15, 2020, and thereafter, the matter would be submitted for case evaluation in March 2020.

On August 11, 2020, the parties participated in case evaluation. The case-evaluation panel issued two awards. In Award #1, the panel awarded $1 million in Highland Park's favor. For Award #2, the panel awarded nothing to Highland Park on its third-party complaint against GLWA. Notably, in the "notes" section of the award, the panel made the following entry: "City of Highland Park (Counter-Plaintiff) v City of Detroit (Counter-Defendant)." The parties have interpreted the nature of these awards differently. Detroit asserts that the case-evaluation panel did not consider or intend to make any modifications to the 2015 judgment in Detroit's favor. Detroit takes the position that the panel's decision simply represented an award of $1 million in favor of Highland Park on its counterclaim that it was overcharged for utility services. By contrast Highland Park asserts that the panel's decision accounted for the 2015 judgment in Detroit's favor, considered Highland Park's counterclaims, and the resulting $1 million award represented what was left after an award for Highland Park was used to set off the $20 million judgment in Detroit's favor.

Highland Park's interpretation of the case-evaluation award is not consistent with affidavits submitted by the case evaluators. All three evaluators signed affidavits attesting that (1) the parties

---

[2] On April 19, 2018, Detroit filed an application for leave to appeal the trial court's March 28, 2018 order. Detroit asserted that the trial court erred by staying execution on the 2015 judgment, arguing that Highland Park was precluded, under the doctrine of judicial estoppel, from asserting that the 2015 judgment was not final. It further asserted that there was no basis to stay execution of a judgment entered in 2015 and reaffirmed in 2017. In response, Highland Park argued, among other things, that the litigation brought by Detroit never resolved overcharges regarding sewer services. Further, Highland Park asserted that because it never took the position that the previous appeal foreclosed seeking a judgment on its counterclaim, judicial estoppel should not apply. This Court denied Detroit's application for "failure to persuade the Court of the need for immediate appellate review," and our Supreme Court denied leave to appeal on December 4, 2018. *City of Detroit v City of Highland Park*, unpublished order of the Court of Appeals, entered July 19, 2018 (Docket No. 343405), lv den 503 Mich 916 (2018).

stated in their summaries that the only claims remaining were Highland Park's counterclaim against Detroit and its third-party complaint against GLWA, and (2) Highland Park requested that the case evaluators only evaluate these two claims. The case evaluators stated that they were not convinced that Highland Park could establish that its claims exceeded Detroit's 2015 judgment. Of particular importance, the evaluators indicated that their intent was that the $1 million award, if accepted by both parties, would be an offset to Detroit's "much larger judgment." The evaluators further stated that they had not been asked to evaluate "Detroit's prior monetary judgment." Indeed, the evaluators stated that they had never served on a panel that had been asked to vacate, void, or undo an existing monetary judgment. Finally, the evaluators stated that they did not expect or intend that their award, if accepted by both parties, would invalidate or void the 2015 judgment.[3]

After the case-evaluation award was issued, but apparently before all parties had responded to the award, Detroit filed a motion seeking a declaration that Highland Park's counterclaim and third-party claim operated solely as a setoff against the judgment that was entered in 2015 in Detroit's favor, and later amended in 2017. Detroit asserted that its 2015 judgment could not and was not submitted for case evaluation. It then reasoned that if both sides accepted the case-evaluation results, any judgment in favor of Highland Park would simply be subtracted from the outstanding amount Highland Park owed under the 2015 judgment. Detroit reasoned that the court and all of the parties had been operating under this assumption already. Indeed, in their case-evaluation summaries, both Detroit and Highland Park argued that any award in Highland Park's favor would then be applied to offset the amounts owed under the 2015 Judgment. Highland Park opposed Detroit's motion, arguing that Detroit's claims against Highland Park were submitted for

_____

[3] On June 11, 2021, Highland Park filed in this Court a motion to strike Detroit's response to its motion to dismiss. Highland Park asserted that Detroit had included in its response confidential documents related to the case-evaluation proceedings in violation of MCR 2.403, MCR 2.412, and MCL 691.1557. This Court directed the Clerk to seal the case-evaluation documents attached to Detroit's response. *City of Detroit v City of Highland Park*, unpublished order of the Court of Appeals, entered July 27, 2021 (Docket No. 357040). However, we conclude that it is permissible for this Court to consider the case-evaluation summaries and the evaluators' affidavits. A court may consider what was discussed in case evaluation to determine whether an issue was decided on the merits. *Amburgey v Sauder*, 238 Mich App 228, 247-248; 605 NW2d 84 (1999). Further, neither MCR 2.403(J)(4) nor MCL 691.1557 precludes consideration of an evaluator's affidavit. MCR 2.403(J)(4) provides that "statements by the attorneys and the briefs or summaries are not admissible in any court or evidentiary proceeding." This court rule does not specifically prohibit the submission of affidavits like the ones Detroit filed in this case. MCL 691.1557(1) provides that "the work product and case files of a mediator or center and communications relating to the subject matter of the dispute *made during the dispute resolution process* by a party, mediator, or other person are confidential and not subject to disclosure in a judicial or administrative proceeding except for either of the following . . . ." (Emphasis added.) An affidavit generated after the fact does not fall within the provisions of MCL 691.1557. Further, considering the affidavits is not inconsistent with MCR 2.403(J)(5), which provides, in pertinent part: "After the evaluation, the case evaluators need not respond to inquiries by parties or counsel regarding the proceedings or the evaluation." This language provides that case evaluators are not obligated to respond to inquiries after the fact, but does not prohibit them from doing so.

case evaluation. It then reasoned that Detroit's "partial judgment" was not a final judgment, and therefore, was subject to revision. In this regard, Highland Park asserted that the case-evaluation panel must have agreed that Highland Park paid Detroit more than the maximum amount Detroit was permitted to charge Highland Park under the contract and that the panel awarded Highland Park a portion of the $11.5 million refund that Highland Park's counterclaim sought. Highland Park argued that all claims are submitted to case evaluation unless there is a court order specifically and expressly exempting certain equitable claims from case evaluation. Highland Park then asserted that if both it and Detroit accepted the award, then the entire action would be over and a final judgment in the amount of $1 million would be entered in Highland Park's favor. Highland Park asserted that Detroit was simply attempting to rewrite the case-evaluation panel's award.

On September 30, 2020, the trial court entered an order denying Detroit's motion for a declaration that Highland Park's pending claims would operate solely as a setoff against Detroit's 2015 judgment as amended. In its order, the court simply noted that "Highland Park's claims may exceed the prior judgment amount."

Both Detroit and Highland Park accepted the $1 million case-evaluation award. GLWA did not respond to this award, so it was deemed to have rejected the $1 million award. However, GLWA did accept the award of $0 on Highland Park's third-party complaint against GLWA.

On October 9, 2020, Highland Park filed a motion for entry of judgment in which it argued that after the case-evaluation panel awarded Highland Park $1 million, and both parties accepted the award, this resolved both Detroit's principal case and Highland Park's counterclaim. Relying on MCR 2.403(M), Highland Park asserted that judgment must be entered in its favor and the matter dismissed in its entirety. In their response, Detroit, GLWA, and DWSD requested that the court deny Highland Park's motion. Detroit again argued that the case-evaluation panel did not adjudicate or "net-out" the value of the 2015 judgment because the judgment was no longer a "claim" subject to case evaluation. Detroit argued that the panel only evaluated Highland Park's counterclaim. It then reasoned that because both parties accepted this amount, the $1 million would be a setoff against the 2015 judgment, and judgment should be entered accordingly.

On February 26, 2021, the trial court granted Highland Park's motion for entry of judgment. The court held that Detroit's and Highland Park's claims and counterclaims were disposed of by the case-evaluation award and, because both parties accepted the award of $1 million, Highland Park was entitled to entry of judgment in its favor. The court specifically held that "[n]otwithstanding Detroit's assertion that the case-evaluation summary indicates that the evaluation did not include Detroit's claims against Highland Park, this assertion is contrary to law as to MCR 2.403 and contrary to case law." The court found that "[t]he issue of whether case evaluation resolved all claims between Detroit and Highland Park, including Detroit's original 2014 complaint and Highland Park's countercomplaint was actually argued in case evaluation." Consequently, the court's order, among other things, vacated the 2015 judgment in Detroit's favor and ordered Detroit to pay $1 million to Highland Park.

On March 19, 2021, Detroit filed a motion for reconsideration, relief from judgment, or to set aside the acceptance of the case-evaluation award. Detroit argued that entry of judgment in Highland Park's favor was in error because the court erroneously found that the single case-evaluation award for $1 million on Highland Park's counterclaim against Detroit subsumed

Detroit's adjudicated claims and wiped out of existence Detroit's $20 million 2015 judgment against Highland Park. While Detroit's postjudgment motion was pending, the court entered an order of dismissal on March 23, 2021. Thereafter, on April 13, 2021, the court denied Detroit's motion for reconsideration.

On April 30, 2021, Detroit and GLWA filed their claim of appeal. A stay of proceedings was entered by the trial court on July 6, 2021. On May 11, 2021, Highland Park filed in this Court a motion to dismiss for lack of jurisdiction. Highland Park argued that the claim of appeal was not timely filed and, in any event, there was no jurisdiction because Detroit was not an aggrieved party since judgment entered after the parties' mutual acceptance of a case-evaluation award. On July 27, 2021, this Court denied Highland Park's motion to dismiss for failure to persuade the Court that it was without jurisdiction, but directed the parties to address the jurisdictional issues in their briefs on appeal. *City of Detroit v City of Highland Park*, unpublished order of the Court of Appeals, entered July 27, 2021 (Docket No. 357040).

## III. DISCUSSION OF THE ISSUES

### A. JURISDICTION

Before addressing the merits of the appellate arguments of GLWA and Detroit, we must first address Highland Park's challenge to this Court's jurisdiction. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). We review de novo as a question of law whether this Court has jurisdiction. *Id*.

Highland Park argues that this Court lacks jurisdiction to decide this appeal because the claim of appeal of GLWA and Detroit was untimely filed, and further, because they were not "aggrieved" parties. We conclude that Highland Park's jurisdictional challenges are without merit.

This Court has jurisdiction of an appeal as of right filed by an aggrieved party from a "final judgment or final order . . . ." MCR 7.203(A)(1). MCR 7.202(6)(a)(1) defines "final judgment" or "final order" in a civil case as "the *first* judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." (Emphasis added.) An appeal by right must be taken within 21 days after entry of "the judgment or order appealed from," MCR 7.204(A)(1)(a), or within 21 days after entry of "an order deciding a post-judgment motion for new trial, rehearing, reconsideration, or other relief from the order or judgment appealed, if the motion was filed within the initial 21-day appeal period or within any further time that the trial court has allowed for good cause during that 21-day period," MCR 7.204(A)(1)(d).

We conclude that the trial court's February 26, 2021 order granting Highland Park's motion for entry of judgment qualifies as the final judgment in this case because it was the *first* order that disposed of all the claims. GLWA and Detroit timely filed a motion for reconsideration of this order on March 19, 2021. See MCR 7.204(A)(1)(d). The trial court entered an order denying this postjudgment motion on April 13, 2021. GLWA and Detroit filed their claim of appeal on April 30, 2021, which was timely filed within 21 days of the trial court's order denying their timely filed motion for reconsideration.

-8-

Highland Park asserts that the trial court's March 23, 2021 order of dismissal, not the February 26, 2021 order, constituted the final order in this case. We disagree. While the March 23, 2021 order disposed of all the claims, it was not the *first* order to do so. The March 23, 2021 order was simply a redundant order that had no bearing on the finality of the February 26, 2021 order.

A comparison of the two orders illustrates the finality of the February 26, 2021 order and the redundancy of the March 23, 2021 order. The February 26, 2021 order provided:

> IT IS ORDERED that the motion for entry of judgment filed by Defendant/Counter Detroit City of Highland Park is hereby GRANTED.
>
> IT IS FURTHER ORDERED that the Court's 2015 judgment, as amended in 2017, is hereby VACATED;
>
> IT IS FURTHER ORDERED THAT THE City of Detroit shall pay $1 million ($1,000,000) to the City of Highland Park;
>
> IT IS FURTHER ORDERED that this resolves the City of Detroit's complaint and the City of Highland Park's counter-complaint;
>
> IT IS FURTHER ORDERED that this does not resolve the merits of the City of Highland Park's third-party complaint against third-party Defendant Great Lakes Water Authority. That case will proceed with respect to the substance of the City of Highland Park's third-party complaint against Third-Party Defendant Great Lakes Water Authority;
>
> IT IS FURTHER ORDERED the City of Highland Park is directed to submit an order of dismissal without prejudice regarding the third-party complaint. The city of Highland Park shall refile the third-party complaint as a counter claim/complaint in the matter of Great Lakes Water Authority vs City of Highland Park, 20-011589 CK.

By contrast, the March 23, 2021 order provided:

> On February 26, 2021, this Court entered an Opinion and Order Granting Defendant/Counter-Detroit, Highland Park's ("Highland Park"), Motion for Entry of Judgment (the "February 26th Order"). Among other things, the February 26th Order:
>
> (1) "[R]esolve[d] the City of Detroit's complaint and the City of Highland Park's counter-complaint";
>
> (2) Did "not resolve the merits of the City of Highland Park's complaint against Third-Party Defendant Great Lakes Water Authority"; and
>
> (3) Ordered that "the City of Highland Park is directed to submit an order of dismissal without prejudice regarding the third-party complaint. The City of

-9-

Highland Park shall refile the third-party complaint as a counter claim/complaint in the matter of Great Lakes Water Authority vs City of Highland Park, 20-011589-CK."

On March 17, 2021, Highland Park refiled its third party claims against Third-Party Defendant, Great Lakes Water Authority ("GLWA") in Case No. 20-011589-CB.

NOW, THEREFORE, IT IS HEREBY ORDERED that, Highland Park's Third-Party Complaint against GLWA shall be, and hereby is, dismissed without prejudice and without costs to any party.

IT IS SO ORDERED.

This is a final order under MCR 2.602(B)(1) that resolves the last pending claim and closes the case.

Both orders disposed of all of the claims in the case, but the February 26, 2021 order was the *first* to do so.

Highland Park contends that the February 26, 2021 order was not the final order because it did not resolve Highland Park's third-party complaint against GLWA. We disagree. The trial court's February 26, 2021 order disposed of the third-party complaint by directing Highland Park to dismiss the third-party complaint and refile it as a counterclaim in another matter. MCR 7.202(6)(a)(*i*) defines "final order" as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." The February 26, 2021 order did just that. After entry of this order, there was nothing left for the trial court to decide and it did not state that it was retaining jurisdiction. See *Rooyakker & Sitz, PLLC v Plante Moran, PLLC*, 276 Mich App 146, 148 n 1; 742 NW2d 409 (2007). The fact that the court entered a second order on March 23, 2021, noting that Highland Park had actually complied with the court's earlier order related to dismissal of the third-party complaint against GLWA, is of no consequence. Accordingly, we reject Highland Park's assertion that Detroit's claim of appeal was not timely filed.

Highland Park alternatively argues that this Court lacks jurisdiction because judgment was entered after the mutual acceptance of a case-evaluation award and, as such, GLWA and Detroit could not be considered aggrieved parties within the meaning of MCR 7.203(A). However, GLWA and Detroit disputed below that the case-evaluation award encompassed or affected the 2015 judgment in Detroit's favor. Moreover, as further discussed in this opinion, the matter was improperly submitted for case evaluation. By this appeal, GLWA and Detroit do not seek to appeal an earlier order that was absorbed into the case-evaluation award under MCR 2.403(M). Instead, GLWA and Detroit appeal an order that addresses the parties' dispute over the interpretation and application of the case-evaluation award. Under these circumstances, GLWA and Detroit are aggrieved parties.

-10-

## B. ABANDONMENT AND JUDICIAL ESTOPPEL

GLWA and Detroit argued below and argue now on appeal that—after this Court affirmed the 2015 judgment—the trial court erred when it reopened the case, ordered the parties to litigate Highland Park's countercomplaint, submitted the matter for case evaluation, and thereafter entered a judgment both vacating the 2015 judgment in Detroit's favor and ordering Detroit to pay Highland Park $1 million. We agree.

First, we agree that the trial court erred when it reopened the case to litigate Highland Park's counterclaim because the record clearly demonstrates that during the earlier appeal, Highland Park, in order to pursue an appeal as of right, unequivocally abandoned its counterclaim that it was overcharged for water and sewer services. Highland Park filed its claim of appeal in Docket No. 327448 on May 18, 2015. At that time, Highland Park represented that it was entitled to an appeal as of right because the April 30, 2015 judgment was a final order that disposed of all the claims and adjudicated the rights and liabilities of all the parties. Indeed, on May 27, 2015, this Court sent a defective holding letter to Highland Park questioning the finality of the order appealed in light of a statement in the trial court's April 30, 2015 judgment that "because a future settlement conference has been scheduled this order does not close the case under MCR 2.603(4)(2) [sic]." On June 24, 2015, Highland Park filed a statement with this Court regarding the finality of the April 30, 2015 order. Highland Park explained that the seemingly incongruous language in the court's order was included by the court simply to acknowledge that optional facilitation might occur, but that the case was closed in the trial court. In support of this representation, Highland Park attached a copy of the Wayne County Register of Actions, which included a docket entry that the case was closed and the settlement conference was canceled. Highland Park never referenced a pending counterclaim.

Then, on December 1, 2015, Highland Park filed its brief on appeal in Docket No. 327448. The only issue addressed in this brief was related to Highland Park's assertion that if the judgment was permitted to be added to the city's tax rolls, it would amount to an ad valorem tax, which Highland Park asserted would be in violation of the federal Clean Water Act. On April 6, 2016, Highland Park filed in this Court a combined motion to amend its appellate brief and a motion to remand to the trial court. Highland Park specifically represented in this motion that the only issue remaining in the trial court involved the recurring charges still accruing. By this motion, however, Highland Park discussed a number of substantive issues that were not raised in its initial brief on appeal. Essentially, Highland Park wished to amend its brief on appeal to include arguments related to its claim that it was overcharged for water and sewer services. First, it argued that summary disposition was improperly granted in Detroit's favor because discovery was still open at the time of the summary disposition hearing. Highland Park asserted that if discovery had been allowed to continue, it would have revealed a "horrendous inaccuracy of the bill DWSD had attributed to Highland Park." Specifically, according to Highland Park, discovery would have allowed the parties to further explore the state's and Wayne County's liability for a portion of Highland Park's outstanding water bill. Highland Park requested that this Court permit it to amend its brief on appeal and that the case be remanded to the trial court. Highland Park reasoned that the judgment could not be allowed to stand because it was simply wrong considering that the largest amount of the judgment entered against Highland Park was rightfully the debt of Detroit's other water customers. In its motion to amend and remand, Highland Park also argued that Detroit did not comply with the billing process set forth in the relevant contract. This allegation, in

particular, was directly encompassed by Highland Park's countercomplaint. Highland Park also challenged the trial court's ruling regarding the account stated claim and its finding that Highland Park never refuted the proffered account.

By correspondence dated April 8, 2016, the Clerk of this Court advised Highland Park that its combined motion to amend and motion to remand would only be considered as a motion to remand in light of this Court's policy prohibiting multiple motions in one filing. Highland Park was advised that it could refile, with the necessary filing fee, the other motion, i.e., the motion to amend its appeal brief. Highland Park did not pursue this avenue. That is, it never filed a separate motion to amend its brief on appeal.

The foregoing events demonstrate that in the earlier appeal, Highland Park intentionally and specifically abandoned its counterclaim. In correspondence to this Court and in its motion to amend its brief on appeal, Highland Park asserted that after the entry of the April 30, 2015 judgment in Detroit's favor, no claims remained to be litigated. When this Court invited Highland Park to correct defects in its motion to amend that could have permitted raising issues in its brief on appeal challenging the validity of the 2015 judgment, Highland Park declined to accept the Court's invitation to correct the defects. These actions evidence an intent to abandon the counterclaim. Accordingly, the trial court erred when it stayed execution of the 2015 judgment to permit the litigation of a counterclaim that Highland Park had clearly abandoned.

Second, the judicial-estoppel doctrine also supports the conclusion that the trial court erred in March 2018 when it stayed enforcement of the 2015 judgment and compelled the parties to litigate the abandoned counterclaim because:

> [u]nder this doctrine, a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding. Under the "prior success" model, the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather there must be some indication that the court in the earlier proceeding accepted that party's position as true. Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent. [*Opland v Kiesgan*, 234 Mich App 352, 362; 594 NW2d 505 (1999), quoting *Paschke v Retool Indus*, 445 Mich 502, 509-510; 519 NW2d 441 (1994) (quotation marks and citations omitted)].

The purpose of the doctrine of judicial estoppel is to protect the judicial integrity of the courts rather than the rights of the parties. *Opland*, 234 Mich App at 363 n 8. Although the doctrine of judicial estoppel is an extraordinary remedy to be applied with caution, it is appropriate to apply the doctrine when "a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Id.* at 363-364 (quotation marks and citation omitted). Further, courts apply judicial estoppel to prevent a party from "abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment." *Id.* at 364 (quotation marks and citations omitted).

The judicial-estoppel doctrine should have been applied in this case to preclude litigation of Highland Park's abandoned counterclaim. The requirements of the doctrine have been met. During the appeal in Docket No. 327448, Highland Park took a position wholly inconsistent with

-12-

the position it took after this Court affirmed the judgment and the matter returned to the trial court. While one might argue that in the prior appeal Highland Park did not specifically assert that the 2015 judgment resolved its countercomplaint, this is exactly the position Highland Park took during communications with, and in filings submitted to, this Court. When Highland Park represented to this Court that no claims remained in the trial court to litigate, it for all intents and purposes took the position that the counterclaims either were adjudicated by the trial court's 2015 judgment in Detroit's favor or that it was no longer pursuing the counterclaims. Highland Park did so to suit an exigency of the moment: to secure an appeal as of right in the prior appeal. This Court adopted this position when it accepted Highland Park's claim that all matters had been resolved in the trial court. Based on Highland Park's representations, this Court exercised jurisdiction under MCR 7.203(A)(1). Then, after Highland Park failed to succeed in this Court, it returned to the trial court and asserted, contrary to its position in this Court, that the order it had just appealed was not a final order. As a consequence, the trial court improperly permitted Highland Park to litigate its abandoned counterclaims. The judicial-estoppel doctrine precluded Highland Park from taking these wholly inconsistent positions.

Third, we also find persuasive the assertion of GLWA and Detroit that the trial court lacked the authority to proceed in the manner in which it did, ultimately modifying—indeed, vacating—the 2015 judgment. When a matter is remanded by an appellate court, the trial court has the authority to take any action which is not inconsistent with the opinion of the appellate court. *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959); *Vanderwall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). This principle has long been recognized in this state, as evidenced by the decision in *People ex rel Lyon v Ingham Co Circuit Judge*, 37 Mich 377, 378 (1877). In that case, the trial court entered a decree of foreclosure, which was affirmed on appeal. After remand for execution of the decree without instruction, the trial court "considered himself at liberty to open the decree for further hearing on the merits." *Id.* The Supreme Court recognized the impropriety of the trial court's action, explaining:

> The policy of the law is that when a case has once been considered and disposed of by the courts before which it may lawfully be brought, it is disposed of for all time, and the conclusion cannot be attacked in any new proceeding except upon certain equitable grounds which are foreign to the present discussion. The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd. All the discretion which the inferior court can have must concern the execution of the judgment or decree which has been sent down to it; if no directions have been given as to these it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself. [*Id.* at 378-379.]

Considering the foregoing, it is clear that the trial court in this case violated principles espoused more than 100 years ago by the Michigan Supreme Court.

Despite Highland Park's representations to the contrary in this appeal, the 2015 judgment was a final order. Highland Park abandoned its countercomplaint. In the prior appeal, in affirming the 2015 judgment, this Court stated:

> At the outset, we note that the only issue before this Court is Detroit's ability to collect its judgment against Highland Park pursuant to the provisions of MCL 600.6093. This is the only issue arguably articulated in Highland Park's statement of the issue on appeal and is the only issue properly presented for appellate review. MCR 7.212(C)(5). Highland Park has not preserved or presented any argument challenging the validity of the actual judgment. Although Highland Park initially attempted to expand the scope of its appellate issues, it clearly abandoned this effort. In a combined filing with this Court, Highland Park sought both a remand and leave to amend its appellate brief and raised therein several arguments attacking the actual judgment. This Court informed Highland Park that the filing of multiple motions under one fee was not permitted, and therefore, its motion would be treated as a motion to remand only, and not a motion to amend. At that time, Highland Park was advised that it could refile the motion to amend, if desired, with the necessary motion fee. Thereafter, Highland Park did not refile a motion to amend its brief on appeal. Consequently, having abandoned any issue related to the validity of the judgment, the only issue before this Court is that articulated in Highland Park's original, and only, brief on appeal—Detroit's ability to collect that judgment. [*City of Detroit*, unpub op at 1.]

On appeal, this Court concluded that Highland Park had abandoned any challenge to the actual judgment. Accordingly, this Court affirmed the judgment. In that earlier appeal, Highland Park was required to present all arguments why the trial court erred in entering the 2015 judgment. By choosing not to raise a challenge to the actual judgment, Highland Park abandoned this issue, and simply limited its attack to the manner in which the judgment could be enforced. In essence, Highland Park waived a challenge to the judgment, an issue it could have and should have raised in its initial appeal. See, e.g., *Vanderwall*, 186 Mich App at 203. Thereafter, the trial court was bound by this Court's affirmance of the judgment. Accordingly, the trial court exceeded its authority when it vacated the 2015 judgment.

The argument by GLWA and Detroit that the trial court lacked the authority to submit the matter for case evaluation is similarly persuasive. Case evaluations are governed by MCR 2.403. This Court has explained that the general purpose behind case evaluation under MCR 2.403 "is to expedite and simplify the final settlement of cases to avoid a trial." *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 276; 851 NW2d 585 (2014) (quotation marks and citation omitted). In *Mercantile Bank Mtg Co, LLC v NGPCP/BRYS Centre, LLC*, 305 Mich App 215; 852 NW2d 210 (2014), this Court explained the case-evaluation process:

> Case evaluation is a mediation proceeding. During case evaluation, the parties submit and argue a concise summary of their factual and legal positions to a panel of three independent evaluators. The case evaluators must "include a separate award as to each plaintiff's claim against each defendant and as to each cross-claim, counterclaim, or third-party claim that has been filed in the action."

"[A]ll . . . claims filed by any one party against any other party shall be treated as a single claim." [*Id.* at 223 (citations omitted).]

From the foregoing, it is clear that parties' "claims" are the subject of consideration in the case-evaluation process. In *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549; 640 NW2d 256 (2002), the Court defined "claim" for purposes of MCR 2.403 as:

> 1. The aggregate of operative facts giving rise to a right enforceable by a court . . . . 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional . . . . 3. A demand for money or property to which one asserts a right . . . . [*Id.* at 554, quoting Black's Law Dictionary (7th ed.).]

In this case, there were no claims available to submit to case evaluation. The claims at issue had been reduced by the trial court to a judgment, and thereafter affirmed by this Court. Accordingly, it was inappropriate for the trial court to submit the matter to case evaluation.

For the reasons set forth above, we vacate the February 26, 2021 order granting Highland Park's motion for entry of judgment and the March 23, 2021 order of dismissal, and remand this case to the trial court for reinstatement of the April 30, 2015 judgment entered on the July 31, 2014 opinion and order. In light of this disposition, it is unnecessary to consider additional arguments of GLWA and Detroit relating to the validity and effect of the case-evaluation award.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing parties, GLWA and Detroit are entitled to costs. See MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-15-